HALL, Judge.
Defendant, a collateral relation of the decedent, Roxie Ann Collins Darby, appeals the judgment of the trial court sending plaintiff, Mary Cook Ashley, the illegitimate daughter of the decedent, into possession of decedent’s estate. The estate consists mainly of decedent’s undivided interest in a tract of land which belonged to her parents, John Collins, and Lizzie Strickland Collins. The trial court determined that, under the provisions of LSA-C.C. Art. 918 plaintiff was entitled to be put in possession of the estate of her mother to the exclusion of her mother’s collateral relations. We affirm.
Roxie Ann Collins Darby died intestate on June 25, 1977. She was one of nine children born of the marriage between John and Lizzie Collins. Lizzie Collins predeceased her husband, who died in 1905. Neither John’s nor Lizzie’s succession was ever opened, but decedent, along with some of her brothers and sisters, took possession of and made use of the family home and the land which had belonged to her parents. Because two of decedent’s siblings died without leaving descendants, decedent was the owner by inheritance of an undivided Vi interest in the tract of land and family home.
Plaintiff, Mary Cook Ashley, was born in 1907. Testimony at trial established that she is the illegitimate daughter of decedent and Suddie Cook. Decedent was later married to Sam Darby, her only husband, but no children were born of this marriage. *895 The testimony of record also establishes that decedent supported plaintiff as a child, that plaintiff was recognized in the community as the child of decedent, and that the decedent acknowledged that plaintiff was her child. Plaintiff proved her maternal filiation and established that she is the acknowledged illegitimate daughter of the decedent.
Defendant argues on appeal that LSA-C.C. Art. 921 prohibits plaintiff from inheriting the property in question. That article reads as follows:
“The law does not grant any right of inheritance to illegitimate children to the estate of the legitimate relations of their father or mother.”
Defendant’s argument is without merit. Plaintiff in this suit is not claiming a right of inheritance to the estate of her grandparents; rather, she is claiming her right to inherit from her natural mother, a right granted to her by LSA-C.C. Art. 918:
“Illegitimate children are called to the legal succession of their mother, when they have been duly acknowledged by her, if she has left no lawful children or descendants, to the exclusion of her father and mother and other ascendants or collaterals of lawful kindred.. . . ”
Decedent in this suit left no lawful children or descendants; therefore, plaintiff, decedent’s acknowledged illegitimate child, preempts her mother’s collateral relations in the succession of her mother.
Roxie Ann Collins Darby succeeded to John Collins and Lizzie Collins from the instant of their deaths; she manifested her acceptance of their successions by taking actual possession of the estate property. LSA-C.C. Arts. 940 et seq. Upon Roxie’s death, her right to share in her parents’ estate was transmitted to her heir, the plaintiff. LSA-C.C. Art. 944. LSA-C.C. Art. 921 does not prohibit plaintiff from inheriting her mother’s interest in the estate of her mother’s parents. The fact that the successions of John Collins and Lizzie Collins have never been judicially opened does not affect the applicability of these principles established by the Civil Code.
For the reason stated above, the judgment placing plaintiff in possession of her mother’s estate is affirmed. Costs of this proceeding are assessed to the defendant-appellant.
Affirmed.